on behalf of the Petitioner and the Appellant, Mr. Robert Wayne Bray. I'd like to reserve an advance two minutes for rebuttal, I hope. Sure. Just manage your own time, please. Thank you, Your Honor. We have presented three issues on appeal. I intend to focus my argument primarily on the issue of the insufficiency of the evidence but am available to take questions on any of the other issues. If Your Honors have any. One factual thing to remember here is that there are two inmates at Snake River that had computer access. There was inmate Nemo and there was... Before you launch into that, address why that claim is before us or whether it's procedurally defaulted. Certainly, Your Honor. And by procedurally defaulted we mean the sufficiency of the evidence? Yes. Yeah, that claim. Yes. Was it preserved in the Oregon court? Yes, Your Honor, it was. It was preserved at the trial level at the time of the motion for a judgment of acquittal. The statutory charge on count one is did he have an intent to print or display. That is the statutory language. When counsel moved for a judgment of acquittal at the close of the prosecution's case, he used that terminology. There's no evidence that he had the intent to print or display these images. From that point forward, the prosecution's argument became he had the intent to display them to himself. That was the explicit ruling, the very, very explicit ruling of the court. This was a trial to a court. We know precisely why the court ruled. We know precisely on what basis because she made those statements. There was a request for clarification as well, and she even clarified those issues. That's at the ER on pages, the second version of the volume of the ER, pages 265 to 66. The clarification is 269 to 70. She finds him guilty because he possessed the images with intent to print, and that was an important distinction for her because there were images both in allocated space and in unallocated space. She acquits him of count one for the images in unallocated space because she said he did not have the intent to display these images. He could not get back to them. She convicted him of count two because at some point he possessed them before they hit unallocated space. But she acquitted him, finding he did not have any intent to display the images that were unallocated space and therefore was not guilty of the crime in the first degree. That is the record at the trial court level. Because he is convicted based on the intent to print, that is the basis for appeal. And Oregon law is quite clear, and we presented that in the appellant's opening brief, that when you appeal, you appeal what the ruling was. The ruling was he was guilty because he intended to display them to himself. That's what he appealed. It wasn't until the Oregon Court of Appeals decided that he could have been convicted based upon an intent to print that print raised its head again. And the question then is whether or not that's unreasonable in light of the record. The contention, any contention, that there was in fact a determination by the trial court that he might have intended to print is simply unsupported in the record. I'm aware that the government in its brief points to the language at the time of the judgment of acquittal. And this is the language that's in the ER at page 228. And the judge is considering the language of acquittal, and the reason why I was raising the issue about the distinction between the two inmates before is because it's clear when she's ruling on the judgment of acquittal, she's a little confused as to which inmate was doing what. She makes the statement, why did he clean his hard drive? Assuming his admission was that he had been doing this, i.e., looking at pornographic websites for months, what happened to the other stuff? Did it go out in the e-mails? The reason she's confused is because the evidence had been that inmate Nemo had cleaned his hard drive. That's in the ER at page 135 of volume 2. The inmate Nemo was the one who had e-mailed individuals. That's in the ER at volume 2, pages 113 to 115 and 137 to 139. In contrast, Mr. Wright hadn't cleaned his computer. They actually found a huge archive, as they put it, of pictures, a copious amount of images in his computer when they searched it. They did not find an ability to e-mail. They did not find any of that on his computer. So when the court is ruling on the judgment or the motion for a judgment of acquittal at the close of the prosecution's case, she's a little confused about what evidence showed what inmate could do that. At that point, if there was concern that the trial court was confused about what evidence really went to the defendant, was there a correction? Was that called to the trial court's attention? Ultimately, the correction is in the closing arguments, and then there's her ruling at the conclusion of the case where she specifically finds him guilty of the intent to display and makes no mention of the intent to print. And the language, even then, the language that she uses when she's denying the motion for a judgment of acquittal at the close of the prosecution's case is not that she finds an intent to print. She doesn't say that. She uses a statutory language. Who knows, there might at least be some evidence that would survive a judgment of acquittal that he intended to print or display them. She doesn't say there might be some evidence that he intended to print. She says there might be some evidence that he intended to print or display. At that point, was there a request for clarification that if the court is wrong on the intent to display, that in the alternative the defense is arguing that there's insufficient evidence from which the court could draw an inference of an intent to print? Was there any such argument made at that time? No, the trial counsel didn't pursue clarification at that point. He did clarify and address the issues in his closing argument. And the closing argument from the prosecution focused solely on the display element. The word print does not appear in that closing argument. Did the prosecution ever make a statement to the effect that they were pursuing sort of one theory and not the other? To the extent of the negative pregnant analysis that their only argument is on display and they never present an argument on print. Even at the judgment of acquittal stage, the word print doesn't appear. So my question is whether they ever disavowed it. Did they ever say we're pursuing this theory and not that theory? No, Your Honor. There's no explicit disavowal. But we know, we know why the trial court ruled. We know she ruled on display. She is very, very explicit on that issue. I am down to 2 minutes and 29 seconds, so I will reserve that time for rebuttal. Thank you, Your Honors. Thank you. Thompson. May it please the Court. I am David Thompson, representing the superintendent in this case. Both the Oregon Court of Appeals and the Oregon Supreme Court concluded that, based on their review of the record, Petitioner had not preserved an argument in the trial court that the evidence was insufficient to support a conviction on the intent to print theory. And both the Oregon Court of Appeals and the Oregon Supreme Court affirmed on that basis that there was a failure to preserve a challenge to the sufficiency of the evidence to support the intent to print alternative. That procedural ruling carries a day with respect to procedural default when Federal habeas relief is sought. And that's what the district court concluded. It concluded correctly that when a case in the State courts is affirmed based on a procedural rule like that which occurred here, that amounts to a procedural default in Federal court in a Federal habeas action that precludes the Federal court from reviewing the merits of the Jackson v. Virginia insufficiency claim. And unless the court has questions about that, as you see from the government's brief, we have relied on the procedural default ruling, and we believe it's a solid ruling and should be the basis for this Court to reject Petitioner's argument. Kennedy, since that's your main line of defense, would you walk us through the two court opinions that where they find the procedural default, starting with the Oregon Court of Appeal? What are you relying on in that? Particularly this do you have the opinion there? Yes. Well, I have the Oregon Court of Appeal's opinion, and I believe it was State v. Wyatt that is, and that's cited in the government's brief, that is. I know. I want to make sure I'm looking at the same language you are. Okay. The Oregon Court of Appeal's opinion is what you're looking at, Your Honor. Is that right? That's the first step, yes. Yes. I'm looking at the language on ER-57. Defendant did not, however, contend that if such a third-party exhibition intent was not required with respect to printing, the State had failed to prove that the defendant intended to actually print the picture. And then it goes on. We turn to the precise issue that defendant did preserve. Is there other language that I'm missing? I don't think so, Your Honor. You and I are looking at the same language. I believe that, yes, there is a paragraph in there, and it starts with, you know, the State urging that the defendant failed to preserve any challenge to the sufficiency of the State's proof with respect to the intent to print alternative. And the Oregon Supreme Court made that clear. Okay. So let's look at that. The Oregon Supreme Court. I'm looking at page 721 of 160p3. Okay. Now, the Oregon Supreme Court went ahead and addressed the merits of the claim, though, did it not? Yes, it did. It did in the alternative. It noted that the issue or the argument about insufficiency with respect to intent to print had not been preserved and then alternatively looked at the merits. That is correct. So what's the effect of that, that they went ahead and, notwithstanding finding procedural default, addressed the merits? Under United States Supreme Court case law, even though there's an alternative addressing of the procedural problem as well as the merits, the procedural disposition is still one that can be the basis for a procedural default in Federal court. Adequate and independent statement. Exactly, yes. And I do want to make this point, Your Honor, that the superintendent is not conceding by relying on procedural default that the petitioner would prevail on the merits on a Jackson v. Virginia claim. That's a very difficult standard to meet. And effectively what the petitioner would have to show is that the Oregon Supreme Court's disposition on the merits regarding the sufficiency evidence to support the intent to print alternative was objectively unreasonable. And that objective unreasonableness would have to be based on no fair-minded jurist could disagree with this conclusion, that it was objectively unreasonable for the Oregon Supreme Court to conclude, based on the evidence that was in the case, that the jury could infer from that evidence the requisite mental state which would be intent to print. And the petitioner simply cannot meet that very stiff burden in this case. Unless the Court has additional questions for me, I would ask that you affirm. Thank you, counsel. Thank you. I'll return to the procedural bar issue, Your Honor. It's not enough for the State to say that there was a procedural bar imposed. The State's obligation on procedural bar is an affirmative defense. They must prove that this procedural bar applied a clear and consistently established Oregon rule that the petitioner would be aware of. And that because he failed to comply with that rule, he was procedurally barred. As we submitted it in our appellant's opening brief, and I have to apologize for a critical typo I noted on paragraph 18 of my opening brief, where I state that the trial court record clearly establishes that the prosecution relied solely on the, quote, print element of the statute. I meant to say display there. Because the prosecution relied solely on the display element, under Oregon law and under the authorities we cited in the opening brief on pages 18 to 20, Oregon law did not require Mr. Bray to appeal a non-issue in order to preserve it for review. It does not do so under the authorities of State v. Hitz and State v. Wyatt. And Hitz, we believe, is almost directly on point. And I presented that analysis in the opening brief. So it's not sufficient just to say there's a procedural bar. There has to, State must prove to you that there is a clear and consistently applied rule telling Mr. Bray that when the State says you're guilty because you displayed these images to yourself, and the trial court says you're guilty because you displayed these images to yourself, he also had to appeal on the issue that he didn't print these issues. And that's not what he did. He preserved the issue of print at the only point in time it was still in play in the court. He preserved it at the conclusion of the prosecution's case by saying I move for a judgment of acquittal. There's no evidence of intent to print or display. From that moment forward, all of the language was print, was displayed, displayed oneself. He preserved it when it was necessary. It was not necessary for him under Oregon law to preserve it at any other point in time. And we'd submit on the other issues, Your Honor. Thank you. Thank you, counsel. Thank you both. We'll take that case under advisement.
judges: Fisher, Christen, Nguyen